UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM R. PAGE,

        Plaintiff,                              Case No. 14-cv-14377

v.                                              Honorable Thomas L. Ludington

MICHIGAN MUNICIPAL RISK MANAGEMENT
AUTHORITY, and
MICHAEL L. RHYNER,

        Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS AS MOOT**

On November 14, 2014, Plaintiff William R. Page initiated this case against Defendants Michigan Municipal Risk Management Authority and Michael L. Rhyner. ECF No. 1. In his complaint Page alleged violations of the Age Discrimination in Employment Act ("ADEA") and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") against both Defendants. *Id*.

On January 15, 2015, Defendant Rhyner filed a Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 9. In his motion he seeks dismissal of Count I of Page's complaint, his ADEA claim, insofar as it is pled against Rhyner as an individual. He argues that the ADEA does not provide for individual liability and so Page has failed to state a claim against him with respect to that count.

Five days after Rhyner filed his motion to dismiss, Page amended his complaint as of right. ECF No. 14; Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend a pleading as a matter of course within 21 days of being served a motion under Rule 12(b)). Page's Amended

Complaint no longer alleges that Rhyner violated the ADEA and alleges Count I only against Michigan Municipal Risk Management Authority. ECF No. 14 at 4-5.

When an amended complaint is filed, the prior complaint is superseded and rendered moot. *See Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). In general, then, "motions directed at the superseded pleading generally are to be denied as moot." *Mize v. Blue Ridge Bank*, No. 8:12-CV-2763-JMC-JDA, 2013 WL 1766659, at *1 (D.S.C. Feb. 12, 2013) (collecting cases). But, if the amended pleading does not cure the defects raised by the motion directed at the superseded pleading, denying the motion as moot "would be to exalt form over substance." Wright, Miller, et al., 6 FED. PRAC. & PROC. CIV. § 1476 (3d ed.). Here, however, the defects addressed by Rhyner's motion to dismiss have been cured by Page's Amended Complaint. For that reason, Rhyner's motion to dismiss will be denied as moot.

Accordingly, it is **ORDERED** that Defendant Rhyner's Motion to Dismiss, ECF No. 9, is **DENIED as moot**.

Dated: January 29, 2015    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2015.

s/Tracy A. Jacobs
TRACY A. JACOBS